May Term,
1834.

BASTION
v.
DALRYMPLE.

</div>

---

## BASTION v. DALRYMPLE.

Leave to amend a defence, on an appeal from a justice of the peace, will not be granted by the Circuit Court, if the nature of the proposed defence be different from that relied on before the justice.

ERROR to the *Rush* Circuit Court. *Dalrymple* was the plaintiff below and *Bastion* the defendant.

M'KINNEY, J.—Debt before a justice of the peace on a writing obligatory. Appeal to the Circuit Court, and motion by the defendant below to amend his defence by filing a special plea, on payment of costs; no plea or written defence having

<div style="text-align: right;">

Thursday,
May 29.

</div>

BASTION
v.
DALRYMPLE.

been filed before the justice. The motion was overruled, and judgment rendered in favour of the plaintiff.

A bill of exceptions, taken to the opinion of the Court in refusing the amendment, makes the special plea a part of the record. It is necessary to examine this plea to determine, if the permission to file it had been granted, whether the defence would have been changed in the Circuit Court; for, upon this depends the correctness of the opinion of that Court.

The defendant, on *oyer*, says *actio non*, because he says, that heretofore, to wit, on, &c. the day on which the said writing obligatory in plaintiff's declaration mentioned, was executed by the defendant to the plaintiff, the plaintiff sold a certain clock at and for the sum of money specified in said writing obligatory, and delivered the said clock to the defendant for the sum mentioned in said writing obligatory, and warranted the said clock on the sale aforesaid to the defendant, to be sound and to keep good time for the space of one year; and if the clock aforesaid did not keep good time for the space of one year, that he the plaintiff would take the said clock back and give up the note; and the defendant says, that the said writing obligatory in the plaintiff's declaration mentioned was given in consideration of the clock sold as aforesaid, and on no other consideration whatever; and that the said clock was not sound, and did not keep good time for the. space of one year; and that the plaintiff did not take back the said clock and give up to the defendant the note aforesaid, but wholly failed, &c. although the plaintiff on, &c. had notice of the unsoundness of the said clock, and that it did not keep good time for the space of one year; without this, that the said writing obligatory was given for a good consideration, wherefore, &c.

Without analysing the plea, it is obvious that if it had been admitted, and an issue on it tried, the ground assumed by the defendant below in the Circuit Court, would have been entirely different from that before the justice of the peace.

It is however contended, that the amendment proposed is authorised by the 5th section of the act of 1833, p. 112. By that section, a modification of the provisions of the 26th section of the justices' act of 1831, Rev. Code, 1831, p. 301, a plaintiff, on an appeal, is permitted to amend his cause of action in the Circuit Court, without, however, changing the form of action,

upon the payment of all the costs that may have accrued up to the time of amendment, or by securing the same to be paid, &c.; and the defendant in like manner is entitled to amend his defence, under the same terms as the plaintiff may amend his cause of action.    The plaintiff then, although permitted to amend his cause of action, is precluded from changing the form of the action; and the right as limited being extended to defendants, it is material to inquire to what kind of defence the amendment shall apply?    This is answered by the act regulating the jurisdiction and duties of justices of the peace, Rev. Code, 1831, in the 26th section of which we find that "the defendant, if he have any special matter of defence, in actions of tort, or any special matter of payment, set-off, or other affirmative plea, in actions of contract, shall, before trial, file the same or a succinct statement thereof in writing."   The same section gives a defendant the benefit of the general issue, without pleading it, if wished.   The act of 1833, authorising an amendment of the defence, must be construed in connexion with the act of 1831, and the construction as far as this action on contract is concerned, must be confined to the amendment of special matter of payment, set-off, or other affirmative plea, which the defendant before the trial before the justice shall have filed, or of which he shall have filed a succinct statement in writing.

Taking the two acts then together, it would seem clear that the amendment authorised by the act of 1833, is of such a defence as is required by the 26th section of the act of 1831. The defence, by the latter act, that of 1831, is confined to special matter of payment, set-off, or other affirmative plea; and such defence must be in writing.   The general issue cannot be embraced in this description; and a construction which would authorise the amendment of the general issue, whether it be filed in writing, or the benefit of it be enjoyed by operation of law, would be a departure from those rules which govern in the construction of statutes.

We think the Circuit Court was correct in refusing leave to amend (1).

*Per Curiam.*—The judgment is affirmed with costs.

*J. Perry*, for the plaintiff.

*O. H. Smith*, for the defendant.

(1) Vide Stat. 1836, p. 62.—*Nelson* v. *Zink*, ante, p. 101, and note (2).