## JULY TERM, 1840.

### ANDREW PATTERSON v. GABRIEL DENTON.

A sheriff's return, that he took a forthcoming bond, which was forfeited, is not conclu-
sive evidence of the fact, but may be impeached collaterally, in a proceeding to which
the sheriff is not a party.

A forthcoming bond, for the delivery of property taken in execution, signed in blank, and
afterwards filled up by the sheriff, without authority, is void; and a court of chancery
will decree such a bond to be cancelled.

SEVERAL cases were submitted to the Chancellor at the same
time, involving the same questions of law and fact; the statement
of the facts of one case will be sufficient.

The complainant filed his bill, stating, that Malachi B. Hamer,
Frederick Stanton, and Henry S. Buckner, obtained judgment at
law, in the Circuit Court of Yazoo county, against Lineas B.
Markham, and Vincent Galloway, for $329, in May, 1838. That
an execution issued thereon to November, 1838: that in the latter
part of 1838, Markham called upon the complainant with a forth-
coming bond, being the printed form, without the blanks being filled
up, for the delivery of property purporting to have been taken in
execution, and asked the complainant to sign the same, promising,
that Vincent Galloway and W. K. Stone would unite with him in
the execution of the bond; that the complainant accordingly
signed it with the express agreement, that Galloway and Stone
were to become co-sureties therein; that the condition of the
bond, and the property stated to have been levied upon, were in-
serted in the bond after the complainant's signature and delivery to
Markham; that all the blanks, including the amount of the penal-
ty and of the judgment, were subsequently filled up by the sheriff;
that the complainant never redelivered it, or authorized it to be
thus filled up; that Galloway and Stone never signed it; that it
was not his bond; that Markham gave it to the sheriff, who return-
ed it forfeited; that an execution had issued on the bond thus for-
feited, and had been placed in the hands of the sheriff, who threat-

ened to levy. The prayer of the bill was framed in accordance with the allegations.

The answers were made demurrers to the bill, and they also denied all knowledge of the facts charged, and called for proof, which was taken, and substantially verified the allegations of the bill.

*G. S. Yerger*, for complainant.

1. The law is, as we consider it, settled, in relation to bonds and other sealed instruments. That a mere signing and sealing in blank, is not sufficient to make it a bond, Sheppard's Touchstone ; 2 Brock. Rep. 64 ; 4 Rand. Rep. 196, 448 ; 1 Wash. 73 ; 1 Hill's So. Car. Rep. 267; 2 Dev. N. Car. Rep. 374 ; 2 Dev. and Bat. Rep. 381 ; 6 Gill and Johns. 250; 5 Mon. Rep. 25 ; 3 Bibb, 361 ; 1 Yerger's Rep. 69, 149 ; Ohio Con. Rep. 167.

All the above cases decide the precise point, but I refer the Court particularly to the case in 2 Dev. and Battle, which examines the cases relied on, on the other side ; and also to Mr. Ch. J. Marshall's reasoning in the case in 2 Brock. and 6 Gill and Johns.

2. It is admitted that some of the authorities decide, that when express authority is given at the time, to an agent, to fill it up, and it is filled up, in conformity with the authority, that it is good. 8 Cow. 118, and case there cited from Anstruther's Rep. ; 6 Serg. and Rawle, 308 ; 17 Serg. and Rawle, 438 ; 2 American Com. Law, 408. These authorities are repudiated as unsound, in the above cases.

But admitting these authorities to be law (which they clearly are not, as they are opposed by the principles of the common law, and by the cases first cited), still, in the case before the Court, no authority whatever was given, as the plea alleges, and which the demurrer admits to be true.

But I insist, upon principle, they are not sustained ; they are all bottomed or founded on Lord Mansfield's decision or dictum, in *Texira* v. *Evans*, cited in 8 Cow. 118, from Anstruther's Rep.

It is admitted in all the cases, that the mere sealing a paper in blank, and delivering it for the purpose of filling it up, does not make it a bond. The party must do some further act, he must redeliver

it as his bond, after the writing is filled up.    But it is insisted, that he need not do this in person ; that he may depute or authorize another to do it for him.    This is certainly the law.    In order to make it his bond, he may authorize another to fill it up and deliver it. But the question is, can he do this by parol ?    Can the act of another bind him in a bond, unless he have authority by seal to do so? We think the principles of the common law are manifest that he cannot.

Suppose A. authorizes B. by parol, to seal and sign a bond, and he does it, is B. bound ?    Surely not.    Suppose A. seal and sign a blank, which all admit is null and void, and authorize B. by parol, to fill it up and deliver it, is it binding ?    Surely not.    In both cases it is the act of an agent, constituted by parol.

The authorities are clear, that an agent, to bind his principal by bond, must have authority under seal.    9 Wend. Rep. 1 Com. Dig. 777.

But it is supposed that the act of one partner sealing a deed in the partnership name, in the presence of another, is an authority to show the authority may be by parol.    Not so.    By the common law, A. may stand by and direct B. to seal a deed for him, and he may adopt B.'s seal, and it is his act.    4 Tenn. Rep. 313.    So when he is constructively present, and knows what his partner is doing, although, at the moment the seal is affixed, he is not present, but is in the room.    9 Johns. Rep. 285, *Mackey* v. *Bloodgood*.

But it is said the sheriff's return, that the bond was executed, is conclusive.    The act of assembly, authorizing the sheriff to take the forthcoming bond, does not constitute him the judge of its validity.    His act, in receiving the bond, does not constitute him a judge. If the bond is forged, the return of the sheriff cannot make it valid. As between the parties to the immediate proceeding, the return of the sheriff as to process is conclusive ; but it would be absurd to say his return, that the bonds or other deeds were executed, should conclude a party, who, perhaps, as in cases of forgery, never heard of them.

But the return of a sheriff is only conclusive against a party, — the surety is no party, until he executes the bond ; it is his own act that is to make him a party.    If he never executed it, he never was

a party. He is a mere stranger to the original proceeding, and the law is settled, that the return at most is but *primâ facie* evidence against third persons. Watson on Sheriff, 72 ; 11 East, 297 ; 4 Conn. Rep. 80 ; 4 Greenleaf, 230 ; 3 Rand. 554. See also the opinion of Chancellor Buckner on this point.

4. But if the law had said in express terms, that it should be binding and conclusive, which it has not, it would be wholly unconstitutional. A party, by the common law, who is charged by bond, has a right to a trial by jury, to ascertain whether it is his bond or not. The execution of the bond is a fact purely for a jury, if the party asks it. The legislature cannot deprive him of this right, by saying the return of the sheriff shall conclude him. It is expressly on the ground, that the legislature did not intend to take from the parties the right of trial by jury, that the constitutionality of the acts, allowing forthcoming bonds, is sustained — i. e. he may have an issue, if he chooses, or go into equity for relief. 4 Peters' Cond. Rep. 440, 445 ; *Smith* v. *Smith*, 1 How. Rep. 102. The point, that the return is not conclusive, has been explicitly decided in 2 Leigh's Rep. 157 ; 4 Dana, 153. The party has the right to supersede the execution, and have an issue. 1 Dunlap's Prac. 368 ; 2 Johns. Cases, 260, 261 ; or, as in the above cases in Leigh and Dana, he might file a bill ; the jurisdiction is concurrent.

*Fitch* and *Brown*, for the defendants.

CHANCELLOR. It is insisted upon the part of the defendants in these cases : 1. That the remedy of the complainants is at law. 2. That the sheriff's return of " bond forfeited," is conclusive evidence of the due execution and delivery of the bond, and can be impeached only by a direct proceeding, to which the sheriff must be a party. I shall examine the latter point first : If the proposition be true, that a sheriff's return is conclusive, it can only be so in relation to those facts which the law requires him to return, and not beyond this. It certainly cannot be conclusive of any and every fact that he may choose to embody in it. It becomes then material to inquire, what facts the sheriff is required by law to return. They are to be found declared in the statute, How. and Hutch. 634 ; and the facts which he must return in such a case as

this, are, that he has levied the execution ; that a forthcoming bond was taken, and that bond was forfeited; this is the extent of the return he is authorized and required to make. It will be seen, at once, that with the execution of the bond itself he has nothing to do, in his return. The law does not call upon him to say one word upon that subject. A return by him on any instrument of writing that might legitimately come into his hands, or upon process of the manner in which he has served the same, is a very different thing from the instrument or process itself, upon which the service has been effected ; and would not preclude a party from showing that the process, or instrument of writing, was void on its face, or by reason of facts arising *aliundè.*

It is insisted, that because it is the sheriff's duty to take a forthcoming bond, the return that he has taken it, and that it was forfeited, is conclusive. It may be replied, that it is also his duty not only to take it, but to take it in conformity with law. If the return, then, that it *was taken* be conclusive of that fact, it must for the same reason be equally conclusive of the other, and yet such a conclusion would scarcely be insisted on ; for surely it might be quashed for *non*-conformity with the law. The return then is mere evidence of the taking, and not of the manner of taking or executing the bond. This then is not a proceeding to contradict a return. It may be admitted that the bond was taken, but the manner of the taking may be questioned without the denial of the other. To illustrate my meaning, I will put a case. Suppose a minor, or person *non compos mentis*, were to become a surety on a forthcoming bond, and that bond to be returned forfeited, would such return be conclusive of their liabilities ? or would it not, only be conclusive of the isolated fact of taking the bond, and that the property mentioned in it was not delivered on the day and at the place appointed ? This it is presumed is the only extent such a return could have. If an action of trespass *de bonis asportatis* be instituted against the sheriff, where the property which he had returned "levied upon," had been left with the plaintiff, would the sheriff's return, that he had "levied" be conclusive against him ? The rule itself, that a sheriff's return is conclusive, and cannot be collaterally contradicted, is one of public policy, and should yield to

such modifications as that policy suggests. It rests, as I presume, upon the credit and sanctity which the law gives to the acts of its own officers. It is a rule of evidence, and one in derogation of the general law of evidence, which guarantees to a party the right of examining and sifting whatever is offered in evidence against him. It is one, therefore, which should rather be restricted than extended in its application.

But it is said the sheriff's return cannot be questioned except in a proceeding for that purpose, and to which he is made a party. Suppose the complainant had had a day in a court of law upon this bond, might he not have moved to quash it for errors apparent upon its face, and that upon mere motion, without notice to the sheriff? Such is the daily practice. Might he not have pleaded *non est factum* to the bond, and have given the very facts stated in this bill, as evidence upon the trial? or must he have been driven to the necessity of first bringing his action against the sheriff for a false return, and have had that return actually falsified by the verdict of a jury, before he could have resisted the enforcement of the bond? It is believed, that no such step would be necessary. Will a court of chancery narrow his ground, restrict his rights, and throw burdens upon his remedy here, which would not have encumbered it at law? Such a course would be contrary to the very elements which constituted the existence of this Court. I can have no doubt of the power of this Court to inquire into the truth of the sheriff's return, without his being a party to that inquiry.

2. Upon the question of jurisdiction, or that the remedy of the complainants is at law, apart from the general rule, that a court of equity will relieve where a party has no remedy or a doubtful and inadequate one at law, it will be seen, that the case reported in 2 Leigh, 157, deciding an appeal from the Court of Chancery, is directly in point. It was a case where a forthcoming bond had been delivered by a surety as an escrow, upon condition that others should also sign it, which was not done ; and that court held, that the facts amounting to proof of *non est factum*, the party should not be held liable in equity beyond what would have been his liability at law. The ground in that case for going into chancery was, that he had no notice of the motion for execution, and could not,

therefore, have availed himself of the defence.   In Virginia, the statute regulating the forfeiture of forthcoming bonds, and the judgment rendered thereon, differs from ours.   There, judgment on the bond can only be rendered upon notice duly served upon the parties to the bond ; while here, the forfeiture of the bond is made by operation of law an immediate and operative judgment against the obligors in the bond, upon which execution may immediately issue, and proceedings be instantly had thereon.   With us, no notice to the parties is necessary.   And yet, in the case to which I have referred, it was not even hinted at, that the sheriff's return of having taken the bond precluded all inquiry, or barred the defence.

In *M'Nutt* v. *Wilcox and Fearne* (3 How. 417), the Court of Errors and Appeals of this State, have decided, that a writ of error, *coram nobis*, would not lie from a judgment or a forfeited forthcoming bond.   And I apprehend, that a motion to quash, would be confined to defects apparent upon the face of the bond ; the party could not, as I believe, upon such motion, present an issue of facts, which could only be tried by a jury.   In what other mode, then, can a party circumstanced like the complainants in these cases, obtain that relief to which they are, without question, entitled, except that which they have sought through this Court ? Independent then of all other grounds for taking jurisdiction of the case, and giving that decree which its circumstances demand, if all these were wanting, I should not hesitate, upon that familiar branch of equity jurisdiction, which decrees bonds or other instruments which are void, or which have been fraudulently obtained, and where the defence might be difficult or uncertain at law, to be delivered up and cancelled, to grant the decrees asked for in these cases.

Let decrees be prepared according to the prayers of the respective bills.