Mr. Justice ThacheR
delivered the opinion of the court.
This was a trial of the right of property. The jury were, called to pass upon the right of property in six slaves. They found as to four, but found no verdict as to the remaining" two. This, under the statute, was tantamount to a finding, that the slaves omitted were not subject to the plaintiff’s execution. In 1820, an act was passed (H. & H. 591, § 13,) providing that, if in detinue, the verdict shall omit'price or value, the court may, at any time, award a writ of inquiry to ascertain the same; and, if on an issue concerning several things in one count, in detinue, no verdict be found for part of them, it shall not be error, but the plaintiff shall be barred of his title to the things omitted; and, in 1830, an act was passed, (H. & H. 654, § 75,) providing that issues for the trial of the right of any property, should be tried and governed by the same rules which regulate and govern the trial of issues in actions of detinue. The common law action of detinue having been thus modified by statute in 1820, whenever the action is mentioned in subsequent acts, by obvious rules of interpretation, the statutory action and not the common law action must be intended. This view seems already to have been entertained by the court, in *138 Pritchard v. Myers, 3 S. & M. 42, where, in a case in which the jury omitted to assess the separate value of each specific thing in issue, it intimates strongly that a writ of inquiry, in accordance with the law of 1820, miglit have been awarded for the purpose. In the case of McCoy v. Rives, 1 S. & M. 592, the statutory provision was not put in question; and, besides, that was a case of a finding by the jury upon an article of property not in issue, as well as of an omission of a finding upon property in issue. The question being now fully presented, is therefore met and settled.
But upon the trial, the court gave instructions which were too broad and prejudicial in their tendency to the rights of the claimant. He relied, in his defence, upon a deed of trust for his benefit and purchase under a deed of trust. The court charged, that it rested with the claimant to prove the consideration moving to the execution of the deed of trust under which he claimed, fair and bona fide, showing he was clearly liable as security of the defendant in execution, for the payment of the •debts provided for in the deed of trust. The court having previously instructed the jury, that the deed of trust under which the claimant claimed title, was prima facie good and valid, it follows that the charge first mentioned went to the extent of instructing the jury, that the evidence of the plaintiff in execution had established at least a prima facie case of fraud in the claimant’s title, which it made incumbent on the claimant to rebut. Now, this was purely a consideration for the jury, whose peculiar province it is to pass upon questions of fraud in fact; and therefore the charge first mentioned should have contained a provision, depending upon the conviction of the jury as to the fact of prima facie fraud having been established. It 'will not do to say that the record shows that such a state of case really existed, because neither this court nor the court below can, in circumstances like these, presume to weigh the evidence. The first part'of the following charge is obnoxious to the same objection, because it takes for granted what was a matter in issue to the jury alone. The court charged — that the deed in trust from the defendant in execution to Winfield, *139 for the benefit of the claimant, is not of itself evidence ,that the claimant had paid debts for the defendant in execution, or that he was bound as surety for him, or that the defendant in execution was indebted to the claimant, but that the jury must look to the other proof in the case, to ascertain whether the defendant in execution was indebted to the claimant, or whether the claimant was bound as surety for the defendant in execution. When we bear in mind, that in these cases, the burden of proof rests with the plaintiff in execution, these charges display a plain and unqualified ruling upon the evidence against the claimant, which was in opposition to the statute controlling the charges of courts.
Judgment reversed, and new trial to be awarded below.