Mr. Justice Clayton
delivered the opinion of the court.
The points presented by the record may be disposed of in few words.
It has already been decided, that a judgment-debtor, is subject to the proceeding by garnishment. Gray v. Henby, 1 S. & M. 598.
In regard to the construction of the act of 1842, p. 140, in reference to the practice in writs of garnishment, we think the first and fourth sections are general, and embrace all debtors, as well as the debtors of banks. The second and third sections apply exclusively to bank debtors, but there is nothing to require the same restricted construction as to the others.
The statute (How. & Hutch. 558, § 42,) authorizes a trial by jury, when the answer is contested, and dispenses with the formality of pleading. The party should have moved for his discharge upon the filing of his answer, and as he failed to do so, he was still in court till the final disposition of the case.
The judgment in favor of Vannerson against O’Brien, was legal evidence on the trial before the jury, and made a prima *376 facie case against O’Brien. If he had discharged it, it was his duty to show it.
There seems to have been much negligence on the part of O’Brien in the management of the case below, and injustice may possibly have been done him; but no legal ground is shown for the reversal.
Judgment affirmed.