## People ex rel. Frank H. White v. Hermanus Doesburg.

*Quo Warranto: Special Verdict: Mis-trial.* Where a verdict finds in favor of one party only a part of the facts necessary to decide the issue made by the pleadings and contains no general finding separate from or independent of the special facts so found, it must be treated as a special and not as a general verdict, and not being sufficient to found any judgment upon, amounts to a mistrial, so that the case must be re-tried.

*Heard and Decided June 2d.*

*Quo Warranto.*

In this cause certain issues of fact, arising upon the several pleas of the defendant, were referred for trial to the Ottawa Circuit.

A trial by jury was had, and a verdict rendered for the relator, and which, with the report of the Circuit Judge, were transmitted to this court for final judgment.

The following is the report of the Circuit Judge:

"The issue of fact, joined in the cause entitled as above, having been sent for a new trial, and by jury, the Circuit Court for the County of Ottawa, by an order of the Supreme Court, dated and tested the 16th day of October, A. D. 1867, which order requires said Circuit Court to return to the Supreme Court the verdict of the jury on such new trial, and the evidence taken on such trial, together

with all rulings and proceedings thereon, with the opinion of the Circuit Court thereon, with all convenient speed; and the same came on for trial by jury, at the special term of the Circuit Court for the County of Ottawa, which was duly and legally ordered by the Circuit Judge thereof, and was begun and held at the court house, in the city of Grand Haven, in said county, on the 25th day of November, 1867, the Honorable Moses B. Hopkins, Circuit Judge, presiding.

During said special term, and on the 23d day of December, 1867, a jury, consisting of twelve good and lawful men -of said county, were summoned, tried, empanneled and sworn to try the issue of fact joined in said cause, and said jury sat together and heard the proofs and allegations on the part of the relator, and of the defendant, and after hearing the charge of the court, retired from the bar thereof, under charge of a sworn officer of the court, and after being absent for a time, to consider of their verdict, and on the 31st day of December, 1867, returned into court, and rendered a verdict in writing as follows:

"We, the jury, find the issues of fact joined in this case, in favor of the relator, in this—that at the general election, held at Spring Lake, November 6, 1866, the inspectors of said election did suppress three ballots, voted at said election, by that number of electors, which ballots had the name of the relator, as a candidate for County Clerk and Register of Deeds upon them, and did substitute a like number of ballots, with the name of Hermanus Doesburg upon them, as a candidate for the same office.

(Signed)                                   " JAMES H. WHEELER,
                                                      " *Foreman.*"

Which verdict was received and entered in the journal of the court.

The relator introduced John B. Perham as the first witness in the case, who testified as to who constituted the Board of Inspectors at the general election in Spring Lake, November 6, 1866, and the situation of the board in the

THE PEOPLE v. DOESBURG.

house where the election was held; that witness was an elector at said election and voted at the same, and that the relator's name was upon the republican tickets, and the defendant's upon the democratic ones, as candidates for the office of county clerk and register of deeds. Witness was asked this question: "Was the ticket you voted headed "republican" or "democratic?" The object of the question was stated to be to show by the examination of this and other witnesses: *First*, That more votes were given to White than were allowed to him by the board; and *Second*, That a portion more or less of the said votes given for White were fraudulently suppressed, and others substituted for them; and that *Third*, More republican votes were given than were allowed in the canvass, to show and establish fraud in the conduct of the election, and thus impeach the statement of the inspectors of said election. The counsel for the defendant objected to the proposed testimony as irrelevant, immaterial and incompetent, because, under the pleadings, only a re-count of the actual ballots now in the ballot-box is permissible. That it is not competent on this trial to show by the electors whether they voted for White or not; and also incompetent to show under this issue in a general way, any irregularity, illegality or fraudulent actions of said board. This objection was then overruled by the court, and exceptions taken by defendant's counsel. It was here stipulated that all evidence liable to said objection should be considered taken subject to it, in the further progress of the case.

The trial proceeded, and no further objections, except what was disposed of by the parties, occurred during the remainder of the trial. In charging the jury the court gave them the outlines or general form of a verdict should they find for the relator, to which the counsel for the defendant objected. The court thereupon instructed the jury that what he had given them as a form of verdict, was merely to aid them in reducing their verdict to writing. That they were

at liberty to disregard that in language and form, and adopt such a verdict in form, as they believed would be in accordance with the facts as found, and the law as the court had given it to them.

The counsel for the defendant asked the court to charge the jury as follows:

*First:* That the issue is, whether in substance more than fifty - four votes were cast for F. H. White, and whether the excess of the same over fifty - four were cast aside and suppressed by the inspectors.

*Second:* That the jury can, under this issue, find, upon the evidence, what number of votes were cast for F. H. White, and state the same in their verdict.

*Third:* That they have nothing else to find except the number of votes cast for F. H. White, be the same more or less, according to their view of the evidence.

*Fourth:* That if the jury are not satisfied, from the evidence, that White received more than fifty - four votes allowed him by the Board, they can give a general verdict for the defendant.

*Fifth:* If they believe, upon the evidence, that F. H. White received more than fifty - four votes, they must find specially that F. H. White received —— votes, ( stating the number ) for the office of County Clerk and Register of Deeds, and that only.

The court having charged the jury generally upon the law of the case, to which charge no exception was taken, charged as requested by defendant's counsel, except the third one, which he refused to give, and in place of it charged as follows: " You will find, from the evidence, what number of ballots, if any were given for the relator, were suppressed by the Inspector of said election, and what number, if any, were substituted for them, with the name of defendant upon them, as a candidate for the same office."

While the jury was out considering of their verdict, the counsel for the defendant excepted to the charge as given

above, and to the refusal of the court to charge as requested by defendant's attorney.

The order of the Supreme Court requires this court to give his opinion of the evidence, and the case, and in compliance with said order, this court gives it as his opinion, that the verdict of the jury is correct, so far as it goes, but that the evidence in the case establishes the suppression and substitution of several more than three ballots, and the jury would have been justified in so finding. In other words, the verdict of the jury falls short of finding the full facts established by the evidence in the case.

In the opinion of this court, the evidence establishes so much mingling of the ballots of electors, voting at said election, with other ballots not given in by electors, and the changing of the ballots of electors, for others, by the inspectors of said election, in violation of law and their duty as inspectors of election, and in fraud of the rights of the electors of said town, and of relator, as a candidate for the office of county clerk and register of deeds, that not the least reliance can be placed upon the statement of the inspectors of said election, as to its result between relator and defendant, or otherwise. The true result is shrouded in so much doubt and uncertainty, arising from the fraudulent acts of said inspectors, as before stated, that no legal investigations can ever establish the true number of ballots cast by the electors at said election, in Spring Lake, for relator and for defendant, respectively, for the office of county clerk and register of deeds, and, therefore, this court is forced to the opinion (conclusion) that this legal controversy, between relator and defendant, as to said office, can only be rightfully determined, by counting the ballots given for each one respectively in Ottowa County, exclusive of and not including those cast at Spring Lake.

Seventy-three witnesses, each an elector at said election in Spring Lake, were examined, and testified on the part of the relator, and eleven on the part of the defendant, on

said trial, before the jury, all of which, except such as was by stipulation of the parties, read from the evidence taken on the former trial of this case, without reproducing the witnesses in court, taken phonographically by Henry S. Clubb, a phonographic reporter, of large experience and good reputation as such, who was first duly appointed by order of this court, at the request of both parties, reporter of this court, for such purpose, which testimony, so taken in the presence and by the directions of this court, including that read by stipulation, is here attached and returned for the examination and consideration of the Supreme Court."

*Wm. L. Stoughton,* for the People.

*Moore & Griffin,* for respondent.

CAMPBELL J.

The verdict in this case can not be regarded as a general verdict. As a special verdict it contains a finding that three votes belonging to one candidate were suppressed, and as many votes substituted for his opponent. If the pleadings confined the inquiry to this issue, and supplied what is necessary to make it intelligible and decisive, the want of form would not vitiate the finding. But the pleadings present other questions of fact, rendering it necessary to submit to the jury the inquiry how many votes were cast for each candidate; and while this remains undecided we are not able to tell what effect would be due to the particular act of fraud found in the verdict. The pleadings are very blind, and are not in a satisfactory form, but reading them as we find them we do not discover any single issue upon which this verdict enables us to render judgment irrespective of other matters of controversy. We must regard the proceedings as having resulted in a mis-trial, and the cause must be tried over again.

COOLEY CH. J. and GRAVES J. concurred.

CHRISTIANCY J. did not sit.