No. 1996.

H. W. MOORE *v.* SUSAN MOORE, EXECUTRIX.

1. SPECIAL VERDICT.—A special verdict is defective and can not form the basis for a valid judgment, unless it finds all the material facts put in issue by the pleadings; and this, though the evidence may clearly estab-

lish the existence of the facts not found. It is the right of a litigant to have the jury pass on all facts controverted by the pleading. When they have failed to do this, the court can not render a judgment without infringing a right guaranteed to the citizen by the Constitution and laws.

2. SAME.—The verdict and judgment should be the end and not the basis for the continuance of the same controversy. The verdict should therefore be rendered on the issues made by the pleading in apt language, which can not admit of mistake.

3. WRIT OF ERROR—PURCHASER PENDENTE LITE.—The writ of error is a continuation of the original suit, and not the beginning of a new one. One who buys after judgment in the district court is rendered, and before a writ of error is sued out, is a purchaser *pendente lite.*

4. CASES—REVIEWED.—Patterson v. U. S., 2 Wheaton, 221, and McCoy v. Rives, 1 Smedes & Marshal, 592, reviewed.

5. CASES APPROVED.—Crouch v. Martin, 3 Blackford, 336; Smith v. Raymond, 1 Day, 189; People v. Doesbury, 17 Michigan, 135; Crutcher v. Williams, 4 Humphries, 345, and Longcope v. Bruce, 44 Texas, 434, approved.

APPEAL from Houston. Tried below before the Hon. J. H. Maxey.

*J. R. Burnett,* for appellant, on the insufficiency of the verdict, cited Claiborne v. Tanner, 18 Texas, 78; Longcope v. Bruce, 44 Texas, 436.

*D. A. Nunn,* for appellee, cited Haggerty v. Harwell, 16 Texas, 663; McKee v. Welsh, 22 Texas, 396; Dorn v. Dunham, 24 Texas, 366; Brisco v. Bronaugh, 1 Texas, 332; Wade on Notice, section, 267; Tuttle v. Turner et al., 28 Texas, 773, and Moore v. Moore, 51 Texas, 289.

GAINES, ASSOCIATE JUSTICE. This litigation has grown out of the decree of divorce rendered in favor of Jane Rice against C. A. Rice, on a writ of error sued out by the former. The decision is reported in 31 Texas, 174. George F. Moore became the assignee of the wife's interest in the community property of that marriage, and also of a probated claim in her favor against her divorced husband's estate, he having died after the decree of divorce was granted. He instituted this suit to recover, as such assignee, of appellant, one-half of the tract of land now in controversy, and to subject the other half to the payment of the probated claim. C. A. Rice's heirs were made parties to the proceedings by amendment.

The case has heretofore been twice before this court. On the first appeal the judgment was reversed, on account of a want of service upon one of the heirs of Rice. Upon the second, how-ever, the case was discussed upon its merits, and the law, as applicable to it, made clear. (See Moore v. Moore, 59 Texas, 54.) The same issues, in substance, seem to have been presented upon the second as were made upon that from which the present appeal is taken. The judgment now appealed from is for appellee for one-half of the land in controversy and in favor of appellant for the other half.

The verdict of the jury was as follows: "We, the jury, find for the defendant, H. W. Moore, one-half of the 1020 acres of land claimed by him." The first assignment of error is "that the court erred in overruling defendant's motion to amend and re-form the judgment, and the judgment rendered in favor of appellee for half the land sued for is without a verdict to support it, and judgment should have been rendered for appellant on the verdict, there being no finding for appellee for any portion of the land."

The issues presented on the trial, briefly stated, are as follows: Plaintiff claimed that the land was conveyed to defendant H. W. Moore by C. A. Rice, the husband, during the pendency of the divorce suit, with the intent to defraud the wife of her interest in the community estate, and that it was, for that reason, void as to her; and that, therefore, plaintiff, as the assignee of her rights, was entitled to recover directly one-half of the land, and to have the other half subjected to the payment of the probated claim against the husband's estate. The defendant H. W. Moore denied this, and alleged that the land was conveyed to him in good faith and in consideration of services rendered by him in preservation of the community estate, and also that the wife, after her claim was allowed, received from the husband's part of the community estate property sufficient to satisfy that debt.

These issues are presented in the charge, and, under one state of facts, the jury are instructed to find for the plaintiff, and, under the other, for the defendant; but they are no where directed to find a verdict for defendant for one-half of the land.

Is this finding sufficient to authorize a judgment for plaintiff for one-half of the premises sued for? A special verdict is defective, and must be set aside, which does not find all the facts put in issue by the pleading, although the evidence may establish beyond any controversy the existence of the facts not found.

(Paschal v. Achlin, 27 Texas, 174.) This is equally true of a general verdict. In the leading case of Patterson v. The United States, 2 Wheaton, 221, Mr. Justice Washington, in delivering the opinion of the court, says: "The rule of law is precise upon this point. A verdict is bad if it varies from the issue in a substantial matter, or if it find only a part of that which is in issue.

"The reason of the rule is obvious: it results from the motive and end of pleading. Whether the jury find a general or a special verdict, it is their duty to find the very point in issue, and, although the court in which the cause is tried may give force to a general finding, so as to make it harmonize with the issues, yet if it appears to that court or to the appellate court that the finding is different from the issue or is confined only to a part of the matter in issue, no judgment can be rendered on the verdict." It may be said that there is a more cogent reason for the rule than that laid down in the passage just quoted.

It is the right of the parties to have the jury pass upon all of the facts controverted by the pleadings, and when they have omitted to do this, however clear and undisputed the evidence upon the issues not found, the court can not render judgment without usurping in part the functions of the jury, and thereby render judgment infringing a right guaranteed by the constitution and laws. A very similar verdict to the one now before us was held bad in the case of McCoy v. Reiss (1 Smedes & M., 592). We quote from the opinion: "An execution was levied upon two slaves, Charles and Fanny, which were claimed by a party not named in the execution. An issue under the statute for the trial of the right of property was made up, and the jury returned a verdict that 'the following described property, mentioned in the execution, was not the property of the claimant, and describing the property as slaves, Charles and Lucy.' * * *

"The judgment follows the verdict in setting forth the names of the slaves. There was no finding by the jury upon the right of property in the slave Fanny, or of her value, and there was a finding upon the right of property in the slave Lucy, and of her value, who was not mentioned in the return of the sheriff upon the execution, nor in the issue for the trial of the right of property." The court then say, in effect, that the verdict as to the slave Lucy might be rejected as surplusage, but that it is bad, because it does not find the issue as to the slave Fanny. (See, also, Sawyer v. Fetts, 4 Stew. & Port., 365; Crouch v. Martin, 3 Blackf., 365; Smith v. Raymond, 1 Day, 189; Schmidt v. Lauferty,

29 Ind,, 400; People v. Doesbury, 17 Mich., 135; Phillips v. Hill, 3 Texas, 397; Crutcher v. Williams, 4 Humph., 345; Middleton v. Quigly, 7 Holst., 352; Longcope v. Bruce, 44 Texas, 434.)

The judgment in the case before us shows us that the court construed the verdict as a finding in favor of plaintiff for one-half of the land, and in favor of defendant for the other half. But we think such a conclusion unwarranted. It may be conceded that it matters not how a finding is expressed, so that the meaning of the jury is clearly tangible; and it may be that what is not expressed may be implied, provided the implication be a necessary deduction from that which is directly stated. There is no such irresistible implication in the verdict in this case. It may be that the court correctly interpreted the language of the jury; or it may be that they agreed only that defendant was entitled to one-half of the land, and failed to agree upon the issues involving the question of title to the other half.

As to the true construction of such a verdict, neither the lower court nor this court is permitted to speculate. The verdict must find all the issues made by the pleading in language which does not admit of mistake. It should be the end and not the continuation of the controversy. Because there is no sufficient evidence to support the judgment of the court below, or any other judgment which might be rendered here, it must be set aside, and the case remanded for a new trial.

We think it unnecessary to consider any of the other questions raised by the assignments of error by appellant, or the cross-assignments by appellee. In the well considered opinion delivered upon the second appeal, the law applicable to the case is fully and clearly stated, and we adhere to that opinion as the law of the case.

From the third paragraph of the general charge, it would seem, however, that the court misconceived it upon the question of the revivor of the injunction in the case of Rice v. Rice, by the suing out of the writ of error. The opinion holds that the bond given in that case was not a supersedeas bond, and that it did not revive the injunction, and expressly reserves the point as to the effect of a supersedeas in such a case. The principle laid down is that the writ of error was the continuation of the original suit, and not the beginning of a new one; and that one who bought after the judgment was rendered and before the writ was sued out was a purchaser *pendente lite*.

The judgment is reversed, and the cause remanded.
*Reversed and remanded.*

Opinion delivered February 1, 1887.

(Chief Justice Willie did not sit in this case.)