**J. C. KILLGORE & CO. v. WHITAKER.**
(No. 6135.)

(Court of Civil Appeals of Texas. Austin.
Jan. 8, 1920.)

1. BAILMENT ⟂30—PETITION BY BAILOR TO
RECOVER FOR VALUE OF CAR AND ACCESSORIES
CONVERTED SUFFICIENT.

Allegations that a car left with defendants
for repairs was sold after notice, under Rev.
St. 1911, art. 5667, and that certain accessories
had been converted, etc., *held* to state a good
cause of action, although not alleging that plain-
tiff was entitled to possession of the car or had
tendered the charges due, since the petition did
not admit that charges were due or that sale
was legal, and in any event the allegations al-
leging the conversion of accessories rendered
the petition good at least in part.

2. TRIAL ⟂355(2)—SPECIAL VERDICT TOO UN-
CERTAIN TO SUSTAIN JUDGMENT.

In action for value of accessories in an
automobile delivered to defendants for repair-
ing, the jury's affirmative answer to question
whether the defendants or any one else removed
the accessories from the car does not sustain a
judgment for plaintiff, since the finding did not
establish that defendants, or any one for whom
they were responsible, removed the accessories.

3. APPEAL AND ERROR ⟂930(3)—FINDING TO
SUPPORT JUDGMENT ON SPECIAL VERDICT NOT
PRESUMED WHEN UNSUPPORTED BY EVI-
DENCE.

In action for value of automobile acces-
sories removed from a car delivered to defend-
ants for repairing, it cannot be presumed, in or-
der to support a judgment for plaintiff on
special verdict, that the trial court found defend-
ants removed the accessories, where the evi-
dence only showed that they were removed
while the car was in defendants' possession, and
there was testimony denying removal by defend-
ants or any one in their employ.

Appeal from McLennan County Court;
James P. Alexander, Judge.

Suit by J. H. Whitaker against J. C. Kill-
gore & Co. Judgment for plaintiff, and de-
fendants appeal. Reversed and remanded
for new trial.

Nathan Patten, of Waco, for appellants.
R. Q. Murphree, of Waco, for appellee.

BRADY, J. Appellee, J. H. Whitaker, sued
the appellants, J. C. Killgore & Co., a part-
nership, to recover the value of an automo-
bile and damages for the loss of the use
thereof, and also for damages for the re-
moval of certain casings, tools, and acces-
sories while in the possession of appellants.
The case was submitted to a jury upon spe-
cial issues, and upon the verdict judgment
was rendered for appellee for the sum of
$59.66, this amount being arrived at by ad-
ding the value of the casings, tools, and ac-
cessories found by the jury to have been
removed from the car while in the possession
of appellant to the sum for which the car
sold at auction to appellants, and by deduct-
ing from this total the repair bill found to
have been due appellants. The material
facts will be sufficiently stated in the opin-
ion of the court.

Opinion.

The first point relied upon for reversal
is presented as fundamental error, and is to
the effect that the trial court erred in not
sustaining a general demurrer to the peti-
tion. The record does not show that the trial
court acted upon the general demurrer, but,
in view of the disposition we shall make of
this appeal, we will indicate our views upon
the contention.

[1] Specifically it is claimed that the pe-
tition did not state a good cause of action,
because it was alleged that appellee left the
car with appellants for repairs, and after
due notice it was sold by appellants under
article 5667, Revised Statutes; and, since
it was not alleged that appellee was entitled
to the possession of the car, or had paid or
tendered the charges due, it stated no cause
of action, and was subject to general demur-
rer. We regard the contention as inadmis-
sible. While it was alleged that the car
was sold by appellants for repairs, under
statutory authority, it was not admitted that
there were any repair charges due, nor that
the sale was legally made, and damages were
claimed for the value of the car. Under the
presumptions obtaining in favor of a petition
as against general demurrer, the pleadings
in this case stated a good cause of action.
Furthermore, the appellee relied not only up-
on the alleged conversion of the car, but also
claimed that appellants had wrongfully con-
verted certain casings and accessories, for
the value of which he sued; therefore the
petition, in part at least, stated a good cause
of action, independently of the averments
as to the conversion of the car. For the
reasons indicated, the first point is overruled.

[2] The remaining contention is that the
trial court erred in entering judgment for
appellee, because the verdict of the jury is
vague and uncertain, and forms no basis for
the rendition of a valid judgment, and also
is not responsive to the question submitted.

The first special issue submitted to the
jury was as follows:

"Did J. C. Killgore, or any one else, remove
the tires and tools belonging to the car in ques-
tion and fail to put them back before the car
was sold at auction?"

The jury were also instructed to find the
value of such tires and tools in event they
made affirmative answer to the first question.
The jury answered question No. 1 "Yes," and

found the value of the tires and tools as the sum of $80.76.

It cannot be successfully contended that the jury's answer was not responsive, but we conclude that the assignment is well taken, upon the ground that the verdict is too indefinite and uncertain to form the basis of a valid judgment. We also regard the action of the trial court in entering judgment upon this verdict as fundamental error, for the reason that the question and answer under the first special issue did not fix responsibility upon appellant. In effect, the jury found that appellants or some one else removed the tires and tools. Under this finding it is not disclosed who removed the property. It might have been appellee himself, or some one else for whose act appellants would not be liable.

[3] There is no room for the claim that the court is presumed to have found facts fixing liability upon appellants from the undisputed evidence. The statement of facts made by the trial court shows not a scintilla of evidence that the accessories were removed from the car through the fault of appellants; the only evidence being that they were removed while in appellants' possession. There was evidence offered by appellants denying that the parts were removed by the firm, or by any one in their employ, or under their direction.

In the state of the record, the judgment is not supported by the verdict or by the evidence, and the cause must be reversed and remanded for another trial.

Reversed and remanded.