**JACKSON v. PARISH et al. (No. 11893.)**

Court of Civil Appeals of Texas. Fort Worth. Dec. 23, 1927.

Rehearing Denied Feb. 11, 1928.

Automobiles ⟨⟩⇒247—Judgment for car's occupants, injured in collision with truck, required reversal as based on conflicting findings as to proximate cause.

In action for injury sustained by occupants of automobile colliding with truck driven by defendant's employee, where issues were submitted to jury, which returned findings that absence of lights on truck caused collision notwithstanding car driver discovered truck in time to avoid collision, and that car driver's negligence in passing truck was proximate cause of injury, with further finding that negligence in failing to provide lights on truck was proximate cause of injury, *held* that findings were conflicting and judgment based thereon must be reversed.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Suits by W. C. Parish and others against J. Lewis Jackson, consolidated for purpose of trial by order of the court. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Kenley, Dawson & Holliday, of Wichita Falls, for appellant.

W. P. Smith, of Wichita Falls, and Aynesworth & Lackey, of Stinnett, for appellees.

DUNKLIN, J. J. Lewis Jackson was engaged in operating trucks between the town of Wichita Falls and the town of Frederick, Okl., on June 17, 1924. While V. E. Beasley, one of Jackson's employees, was driving one of his trucks near the town of Frederick, Okl., it collided with a Ford car driven by W. C. Parish. At the time of the collision, the Ford car was traveling in an easterly direction, and the truck was traveling in a westerly direction. Riding in the Ford car with W. C. Parish were his wife, Mrs. S. E. Parish, and his three minor children, Robert, Edith, and Evaline, all of whom sustained personal injuries as a result of the collision.

W. C. Parish instituted four separate suits in the district court of Wichita county to recover damages for the injuries sustained, the suits being for the benefit of himself, as well as for the benefit of his wife and said minor children; three of the suits being for the benefit of himself and only one other person, to wit, one of the minor children. By order of court, all of these suits were consolidated, and the defendant has appealed from a judgment for damages sustained by Mrs. Parish, and each of the three children in separate amounts, all aggregating the sum of $1,000.

The suits were all based upon allegations of negligence on the part of the driver of the truck as defendant's agent (1) in driving the truck without lights; (2) driving it upon the wrong side of the road, to wit, the left hand or south side in the direction the truck was traveling; (3) driving the same at a high and dangerous rate of speed; and (4) negligence of the driver of the truck in turning to the north side of the road after plaintiff had turned the Ford car to that side in order to avoid a collision with the truck after he had discovered that the same was on the south side.

The findings of the jury in answer to special issues were too uncertain and conflicting to serve as a proper basis for the judgment rendered.

There was a finding that the truck was being driven without lights, and that in so

driving the same Beasley, the operator, was guilty of negligence, which was "the proximate cause of the injury to plaintiff's wife and children." That was the only finding of negligence against the defendant. There were further findings that plaintiff W. C. Parish was guilty of contributory negligence in driving his Ford car without observing where he was driving, and while looking over to one side and pointing one hand in the direction he was looking, and also by edging across the road to the north side, and then suddenly swerving his car in an attempt to pass the truck. There were further findings that the road was 30 feet wide; that the truck was traveling at the rate of 15 miles an hour; that before it swerved to the right immediately preceding the accident it was not wholly on the north side of the road, but there was sufficient space for plaintiff to have passed it on the south side of the road at the time he attempted to pass the truck on the north side of the road.

The jury further found that plaintiff was guilty of negligence in attempting to pass the truck on its north side when there was sufficient room for him to pass on the south side, and that his negligence in so doing was "the proximate cause of the collision." There were further findings that, in the absence of lights on the truck, there was not sufficient light to enable the drivers of the two vehicles to pass each other without danger to the occupants of the Ford car. But the jury also found that the plaintiff recognized the defendant's vehicle as a truck coming west at a sufficient distance away to have avoided collision with it by the exercise of ordinary care.

Conceding for the sake of argument that the contributory negligence of plaintiff W. C Parish in the respects found by the jury would not preclude a recovery by him in behalf of any of the injured persons, yet the finding that the collision was caused by an absence of lights on the truck cannot be harmonized with the further findings that, notwithstanding the absence of such lights, plaintiff discovered the approach of the truck in time to enable him to pass it on the south side of the road, by the exercise of ordinary care. Nor can the finding that the plaintiff's negligence, in failing to avoid the collision by passing the truck on the south side of the road after discovering its approach was "the proximate cause of the collision," be reconciled with the further finding that the defendant's negligence in failing to provide lights on the truck was "the proximate cause of the injury to plaintiff's wife and children."

"The verdict must find all the issues made by the pleading in language which does not admit of mistake. It should be the end and not the continuation of the controversy." Moore v. Moore, 67 Tex. 293, 3 S. W. 284; N.

T. T. Co. v. Armour & Co. (Tex. Com. App.) 288 S. W. 145.

In McDonald v. I. & G. N. Ry. Co., 86 Tex. 1, 22 S. W. 939, 40 Am. St. Rep. 803, the widow and children of Dr. McDonald sued for damages for his death, caused by being run over by defendant's train at a public crossing, and in which the alleged negligence of the defendant in failing to ring the bell of the locomotive or sound a whistle was the proximate cause of the accident. In the opinion in that case, written by the then Associate Justice Gaines, the following was said:

"Dr. McDonald, as the evidence conclusively shows, knew that the train was approaching. It follows that the negligence of the servants of the company who were operating the train to ring the bell or blow the whistle, if they did fail in the performance of that duty, was not the cause of the accident; and it was proper that the jury should be so instructed."

By reason of such conflicting findings, the judgment of the trial court is reversed, and the cause is remanded without a discussion of other assignments of appellant presented in his briefs, the determination of which becomes unnecessary.