## HUMBLE OIL & REFINING CO. et al. v. PRITCHETT.

### No. 846.

Court of Civil Appeals of Texas. Waco.
Feb. 20, 1930.
Rehearing Denied March 20, 1930.

Joel H. Berry, H. H. Jennings, and K. W. Gilmore, all of Houston, and H. B. Daviss, of Corsicana, for appellants.

J. S. Simkins, of Corsicana, for appellee.

GALLAGHER, C. J.

This appeal is prosecuted by Humble Oil & Refining Company and four other oil companies from a judgment in favor of O. E. Pritchett against them jointly for the sum of $235, as compensation for damages found to have been sustained by him on account of injuries to his crops of cotton, corn, and grass caused by an overflow of the waters of Cedar creek. Appellee alleged that appellants operated oil wells in the Powell oil field, from which field surface waters drained into said creek; that they permitted oil to escape from their said wells and mingle with such waters and flow with them into said creek; that waters of said creek containing such oil overflowed appellee's lands and damaged the crops and grass growing thereon.

Appellants interposed a general denial to said allegations.

There was a trial before a jury. The case was submitted on special issues. The undisputed testimony showed that appellants were all engaged in operating oil wells in said field, and that surface water from such field flowed into Cedar creek. The only issue submitted by the court with reference to the responsibility or liability of appellants for the injuries complained of by appellee, and the answer of the jury to such issue, are as follows: "Did the defendants, Humble Oil & Refining Company, a corporation, Tidal Oil Company, a corporation, Sims Oil Company, a corporation, the

Pure Oil Company, a corporation, and the Gulf Refining Company, a corporation, permit oil produced from said wells, if any, to escape and flow into Cedar Creek? Answer 'yes' or 'no.' " Answer: "No, not willingly." In response to other issues submitted, the jury found, in substance, that the waters of said creek overflowed and submerged a part of appellee's land; that said overflow waters contained oil; that appellee's open cotton was damaged by the oil contained in said waters in the sum of $225; that appellee's corn was damaged by said overflow in the sum of $100; and that the grass in his pasture was damaged in the sum of $30. The court rendered judgment in favor of appellee against appellants for the aggregate damages so found, less the sum of $120 which the jury found was the value of cotton shown by the testimony to have been left in the field unpicked on account of damage thereto caused by the oil contained in said overflow waters.

## Opinion.

Appellants by a group of propositions complain of the action of the court in rendering judgment against them. Their specific contention in this connection is that the answer of the jury to the issue of whether they permitted oil to escape and flow into Cedar creek is insufficient to support such judgment. The answer of the jury to said issue was, as above shown, "No, not willingly." That such answer is the basis of the judgment against appellants is not controverted. The issue presented for determination is the proper interpretation of such answer. Appellants insist that the same constitutes an affirmative finding in their favor that they did not permit the escape of oil, or, in the alternative, that the same is ambiguous, even when read in the light of the testimony introduced and the other findings of the jury thereon, and therefore too uncertain to support the judgment rendered. The rule which governs in the construction of verdicts is announced by our Supreme Court in Moore v. Moore, 67 Tex. 293, 295-297, 3 S. W. 284, 285. The jury in that case found affirmatively for the defendant for one half the land sued for, but made no finding with reference to the other half of such land. The court construed such verdict to be in effect a finding for the plaintiff for the other half of said land, and rendered judgment upon such theory. The court reversed the judgment on account of the uncertainty of the verdict, and in that connection said, in part: "It may be conceded that it matters not how a finding is expressed, so that the meaning of the jury is clearly intelligible; and it may be that what is not expressed may be implied, provided the implication be a necessary deduction from that which is directly stated. There is no such irresistible implication in the verdict in this case. It may be that the court correctly interpreted the lan-

guage of the jury, or it may be that they agreed only that defendant was entitled to one-half of the land, and failed to agree upon the issues involving the question of title to the other half. As to the true construction of such a verdict, neither the lower court nor this court is permitted to speculate. The verdict must find all the issues made by the pleadings in language which does not admit of mistake."

We do not think the answer of the jury to the issue under consideration constituted an affirmative unconditional finding in appellants' favor, but we do think that such answer is ambiguous. We cannot tell therefrom whether the jury agreed that appellants did or did not in fact permit oil to escape and flow into said creek. While they answered "no" to the issue as submitted, they qualified such answer with the words, "not willingly." Some of the jurors may have been of the opinion that oil did escape from appellants' premises and flow into said creek, and other jurors may have been of the opinion that no oil did so escape or flow, and yet all may have been of the opinion that if any such oil did escape, such escape was against the will of appellants. There was no affirmative evidence that the oil in the waters of Cedar creek at the time of the overflow did escape from the wells or premises of appellants. They introduced evidence tending to show the exercise by them of a certain degree of care to prevent such escape. On the other hand, they introduced testimony that at least two other oil companies were operating wells in said field. There was no testimony to show what care, if any, was exercised by either of said other companies to prevent oil from escaping and flowing into said creek. In view of such testimony, the mere fact that the jury found, in answer to other issues submitted, that the overflow waters of said creek did contain oil, does not necessarily imply a finding that such oil escaped from appellants' wells or premises either with or without their permission or acquiescence. After full consideration of both the evidence before the jury and the findings made by the jury thereon, we are of the opinion that said finding was ambiguous and too uncertain to support the judgment rendered in this cause. The language used by juries in reported cases in qualifying affirmative or negative answers returned by them to issues submitted necessarily varies in each such case. The principle on which our holding herein is based is, we think, fully supported by the following authorities: Moore v. Moore, supra; Pecos & N. T. Ry. Co. v. Railroad Commission (Tex. Civ. App.) 193 S. W. 770, 772, pars. 1 to 3, inclusive (writ refused); Gulf, Colorado & Santa Fé Ry. Co. v. Hathaway, 75 Tex. 557, 558, 559, 12 S. W. 999; Northern Texas Traction Co. v. Armour & Co., 116 Tex. 176, 288 S. W. 145, 146; Aultman & Taylor Machine Co. v. Cappleman, 36

Tex. Civ. App. 523, 81 S. W. 1243, 1244–1246; Texas Employers' Insurance Ass'n v. Fitzgerald (Tex. Com. App.) 296 S. W. 509–511; Id. (Tex. Civ. App.) 292 S. W. 925, 930, par. 9; Riske v. Rotan Grocery Co., 37 Tex. Civ. App. 494, 84 S. W. 243–245; Schwartzman v. Cabell (Tex. Civ. App.) 49 S. W. 113, 116; Killgore & Co. v. Whitaker (Tex. Civ. App.) 217 S. W. 445, 446, par. 2; Pickrell v. Imperial Petroleum Co. (Tex. Civ. App.) 231 S. W. 412, 413, 415, pars. 3 and 4; Bagley v. Pollock (Tex. Civ. App.) 19 S.W.(2d) 193, 197, par. 10; Knox v. Brown (Tex. Com. App.) 16 S.W.(2d) 262, 264, par. 5; Stoker v. Fugitt (Tex. Civ. App.) 102 S. W. 743; Sovereign Camp W. O. W. v. Wagnon (Tex. Civ. App.) 164 S. W. 1082.

Appellants, by objections to the form of the issues prepared and submitted by the court and by special issues requested by them, sought to have the court require the jury in assessing the damages, if any, suffered by appellee, to confine their consideration to the effect of the oil, if any, in said overflow waters which escaped from their own wells, and to exclude from their consideration damages, if any, resulting from other contributing causes. Should such issues upon another trial be raised by proper pleadings and proof, the rule announced in City of Corsicana v. King (Tex. Civ. App.) 3 S.W.(2d) 857, 863, pars. 10 and 11 (writ refused), and authorities there cited, should be applied.

The other matters complained of by appellants will not necessarily arise in another trial.

The judgment of the trial court is reversed, and the cause remanded.