NORTHERN TEXAS TRACTION CO. v. ARMOUR & CO.

No. 4518.    Decided November 24, 1926.
(288 S. W., 145).

1.—Verdict—Special Issues—Certainty.

The verdict must find all the special issues presented in language which does not admit of mistake. Neither the trial nor appellate court is permitted to speculate as to its meaning in order to pronounce judgment thereon. (P. 179).

2.—Same—Contributory Negligence.

In an action for negligent collision of defendant's street car with plaintiff's motor truck the special issue as to contributory negligence of the driver of the truck was submitted as a question whether the jury found that in the exercise of ordinary care he should not have driven the car onto the track till the street car had passed, and the answer was, no. Other instructions and answers indicated that the trial judge and the jury intended and regarded this negative answer as a finding of contributory negligence by such driver. *Held,* that the verdict was too equivocal, ambiguous and uncertain to support a judgment therein for plaintiff. (Pp. 177-179).

Question certified from the Court of Civil Appeals for the Second District, in an appeal from Tarrant County.

The Supreme Court referred the question to the Commission of Appeals, Section A, for its opinion thereon, and here adopts same and directs that it be certified as its answer.

*Slay, Simon & Smith,* and *Hugh B. Smith,* for appellant.

At the very outset appellee is met with the rule well established in this State, that the verdict must find all the issues made by the pleading in language which does not admit of mistake, and that the verdict must be plain, unambiguous, intelligent, and free from inconsistency, and where a verdict is lacking in these qualities it must be set aside and the cause remanded for a new

trial.   Moore v. Moore, 3 S. W., 284; Smith v. Tucker, 25 Texas, 594; Mays v. Lewis, 4 Texas, 38; Glendenning v. Matthews, 1 White & Wilson, par. 904; Walston v. Walston, 24 S. W., 951; Pickrell v. Imperial Petr. Co., 231 S. W., 412; L. N. A. & C. Ry. Co. v. Whitsell, 68 Ind., 297.

*Coates & Martin*, for appellee.

The jury having expressly exonerated appellee of contributory negligence upon every issue presenting that question, a jury finding that appellee's non-negligent act was a proximate cause of the collision is not the equivalent of a finding of contributory negligence, and does not render the verdict uncertain or conflicting.   Baker v. Crooms, 262 S. W., 104; Connellee v. Nees. 266 S. W., 502; Denison Cotton Mill Co. v. McAnis, 176 S. W., 621; Dodd v. Gaines, 18 S. W., 618; Dowlen v. Texas Power & Light Co., 174 S. W., 674; Fink v. Brown, 183 S. W., 46; Fox v. Dallas Hotel Co., 240 S. W., 517; Gulf, C. & S. F. Ry. Co. v. Rowland, 38 S. W., 756; Johnson v. Ry. Co., 21 S. W., 274; L. N. A. & C. Ry. Co. v. Whitsell, 68 Ind., 297; St. Louis S. W. Ry. Co. v. Missildine, 157 S. W., 245; Missouri, & N. A. Ry. Co. v. Clayton, 133 S. W., 1124; Turner v. Missouri, K. & T. Ry. Co., 177 S. W., 204; New York Lubricating Oil Co. v. Pusey, 211 Fed., 622; Southern Traction Co. v. Ghee, 198 S. W., 993; Seale v. Gulf, C. & S. F. Ry. Co., 65 Texas, 274; San Antonio & A. P. Ry. Co. v. Lester, 89 S. W., 752; St. Louis S. W. Ry. Co. v. Arey, 179 S. W., 860; Texas & N. O. Ry. Co. v. Harrington, 235 S. W., 188; Texas & Pacific Ry. Co. v. Cotts, 95 S. W., 602; Vernon's Sayles, Stats. of Texas, 1984a; Winters v. Ry. Co., 177 Fed. 44.

MR. JUDGE NICKELS delivered the opinion of the Commission of Appeals, Section A.

From a judgment allowing recovery for damages alleged to have been sustained as the proximate result of a collision negligently caused by it, Northern Texas Traction Company appealed. Amongst the assignments presented by it is one which charges that the verdict (upon special issues) is too "equivocal, ambiguous, and uncertain" to warrant the judgment.   The assignment was upheld by the Honorable Court of Civil Appeals, Second District, in an opinion (as yet unreported) which fully discloses the questions which arose and the bases therefor, and, thereupon, the judgment was reversed and the cause was remanded. Armour & Company duly filed its motion for rehearing.   The motion is now pending and that court has certified the question of whether or not its ruling upon the assignment is correct.

Northern Texas Traction Company pleaded that the act of

Armour & Company's employee in driving the truck into Evans Avenue and upon the railway track immediately before the collision, and after he had seen the approaching street car, was contributory negligence.  There is evidence to make an issue on the point.

In an effort to submit the matter the trial judge, in the eleventh special issue, inquired:

"Do you find from the evidence that plaintiff's truck driver, upon the occasion of the collision, in the exercise of ordinary care on his part, as that term has been hereinbefore defined for you, should not have driven the truck into Evans Avenue until the defendant's street car had passed him?"

The jury answered "No."  When the issue was drawn and submitted the judge thought its language was such as that a negative answer would amount to a finding of contributory negligence.  This is shown by the fact that in a general part of the charge the jury was instructed that "the burden of proof is upon the defendant to establish by a preponderance of the evidence * * * the negative of Special Issues Nos. 11 and 18," etc.   It is shown, also, by the submission of Special Issue No. 24 in this form:

"If you.have answered Special Issue No. 11 in the affirmative, then you need not answer this question, but if you have answered same in the negative, then answer this question:   Do you find from the evidence that the failure, if any, on the part of the driver of the motor truck to pass by Davis Street to the north thereof, before driving the motor truck out into the path of street cars coming north on Evans Avenue, was a proximate cause of the collision in question?"

This act imports the thought of the judge that an affirmative answer to Special Issue No. 11 would acquit the truck driver of negligence, and hence, the inquiry about proximate cause would become immaterial and improper.  Conversely, if the driver was negligent, it became essential that the jury say whether casual connection existed between that negligent act and the "collision."  The jury answered "yes" to Special Issue No. 24.

After the verdict was returned, the trial judge gave a different interpretation to the language used in Special Issue No. 11 and its relation to the jury's answer.   He then construed the question and answer to mean an acquittal of contributory negligence, for he rendered a judgment which could not be proper, if contributory negligence existed.   To the skilled author, therefore, ambiguity appeared in the language used.

Upon consideration by the Honorable Court of Civil Appeals the question (Special Issue) and answer appeared to mean a finding against contributory negligence, for that court said the answer ("yes") to Special Issue No. 24 "was wholly inconsistent with the finding in answer to Special Issue No. 11 that Pressley" (i. e.; the truck driver) "was not guilty of negligence in driving the truck onto Evans Avenue before the street car has passed him."

The diversity of judges' views about what was actually done indicates probable uncertainty as to what was intended by the jury. As to their real intent we can only speculate. Literally, they said we do not "find" at all; but that neutrality was not their purpose is to be inferred from an effort to answer and from the kind of answer given to Issue No. 24. Another view (held by the trial judge and by the Court of Civil Appeals) is that the jury intended to find against contributory negligence; but, as a matter of fact, it must have been understood that a negative answer would be favorable to defendant, since the burden of proving that negative was, by the charge, put upon defendant, and to this must be added (against that inference) the fact that some of the elements of contributory negligence were directly found by the jury in its response to Issue No. 24. If inferences may be indulged at all, their weight, it seems to us, is against the thought of the jury's intent to free plaintiff of the charge of contributory negligence.

But,

"As to the true construction of such a verdict, neither the lower court" nor an appellate court "is permitted to speculate. The verdict must find all the issues made by the pleadings in language which does not admit of mistake. It should be the end and not the continuation of the controversy." (Moore v. Moore, 67 Texas, 293, 3 S. W., 284.) See also Gulf, C. & S. F. Ry. Co. v. Hathaway, 75 Texas, 557; Mays v. Lewis, 4 Texas, 38; Smith v. Tucker, 25 Texas, 594; Pecos & N. T. Ry. Co. v. Railroad Commission (Tex. Civ. App.), 193 S. W., 770; Riske v. Rotan (Tex. Civ. App.), 84 S. W., 243; Pickerell v. Imperial Petr. Co. (Tex. Civ. App.), 231 S. W., 412.

We regard the verdict as being ambiguous to an extent preclusive of that certainty which ought to be a part of the administration of the law. The action of the Court of Civil Appeals in sustaining the assignment mentioned was correct.

Accordingly, we recommend an affirmative answer to the question certified.

The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified to the Court of Civil Appeals.

C. M. Cureton, Chief Justice.