**WANDA PETROLEUM COMPANY**
et al., Appellants,

v.

**Leonard Earl REEVES, a Minor, BNF,**
et al., Appellees.

No. 4277.

Court of Civil Appeals of Texas.

Waco.

Dec. 17, 1964.

Rehearing Denied Jan. 7, 1965.

Vinson, Elkins, Weems & Searls, B. Jeff Crane, Jr., and Gay Brinson, Jr., Houston, for appellants.

Brown, Kronzer, Abraham, Watkins & Steely, Houston, for appellees.

WILSON, Justice.

The chief problem in this automobile death case relates to the jury's answer to the damage issue. Five minor chilldren of deceased as plaintiffs recovered a judgment based on favorable liability findings. In our opinion a valid judgment could not be rendered on the verdict as to damages, and we reverse.

The petition alleged the plaintiffs had been damaged in the sum of $3000 for each year of their minority by the death of their mother. Their ages at the time of suit were alleged to be 14, 12, 9, 7 and 6 years. The court's charge contained 26 special issues, the last of which was the damage issue. It inquired what sum "if paid now in cash" would compensate the minors, and authorized consideration of such sum as would fairly and reasonably compensate them "for such maintenance and support, if any" as deceased "had she lived, would have contributed to them and each of them from and after the date of her death," what deceased "would have expended for the education" of each of the children "after the date of her death," and the value of her care, nurture and guidance "during their minority." The form of the charge is not the subject of complaint.

The damage issue instruction concluded as follows: "Answer by stating the amount, if any, in dollars and cents which you find as to each of the minor plaintiffs:" (listing them). The court reporter prepared an "answer sheet" which listed the numbers of the issues, 1 through 26, with a typed two-inch blank line after each, and a blank line for the foreman's signature. The sheet as prepared, however, neither listed the plaintiffs, nor provided separate blanks for each. Neither court nor counsel saw the answer sheet before it was delivered with the charge to the jury upon retirement. After the jurors announced they had reached a verdict, and before the answer sheet was examined by court or counsel, the parties "waived the reading of the issues themselves" when the verdict was returned.

When the answer sheet was returned into open court by the jury it was examined by the court and counsel in the belief it was

the verdict, and counsel advised the court there was no objection to its form. It was received and ordered filed, and the jury was discharged. The jury was not polled. The charge proper was not inspected. The blanks after the numbers designating the corresponding liability issues had been filled on the answer sheet, but that following No. 26, the damage issue, was not filled. Instead, following the foreman's signature, the names of the five plaintiffs were written in the order they had been listed under the damage issue instruction, with "$1300" placed after each name.

Not until after the discharge of the jury was it discovered that there had been written after each plaintiff's name as listed in the instruction under the damage issue in the charge proper: "1300.00 *per year*".

Four days after the jury was discharged and had separated, appellees' counsel filed a motion for judgment asserting that in pleading and jury argument for all parties damages had been treated as "so much money per year during minority," and the necessary implications of the verdict required entry of judgment for each plaintiff of $1300 during the remaining periods of their respective minorities. Affidavit of all jurors was attached, stating that "all the jurors unanimously agreed that each child should be awarded $1300 per year following the death of Mrs. Reeves until that child reached 21 years of age." A hearing was conducted at which the foreman testified to the same effect, and that the jury considered and arrived at "an amount per year per child during each year of their minority." The foreman testified she recorded the answer following the issue itself in the charge proper "because there weren't blanks provided on the answer sheet considered applicable to each child." She wrote on the answer sheet, she said, "for the judge. I figured it would be easier for him to read so I wrote down the names of the children and the amount awarded them per child." She testified, "We figured up how much it would add up to, which would be $74,000 or $74,500." This sum was not recorded, she said; "I just assumed they could add."

Judgment was rendered for a total of $75,400. The court found as a fact that the answer and finding of the jury was "as recorded by the jury opposite the name of each minor plaintiff," following the damage issue in the charge proper.

Appellants' initial position is that the "answer sheet" constituted the verdict, and judgment should have been rendered for plaintiffs upon the answer contained therein for a total of $6500. Appellees argue that what is before us, and what was resolved by the trial court was a "reconciling of ambiguities in the 'verdict.'"

■ We do not adopt either position. In our opinion there was no basis for judgment and, the jury having been discharged, a new trial should have been ordered.

As they appear from their face, we perceive no determinative reason for according precedence to the answer written out of its designated space on the "answer sheet" (where, inadvertently, no blanks for apportionment were provided), over that written out of place in the available space following the instruction in the charge proper. The two answers, standing alone, make it impossible to ascertain what was found. We overrule appellants' contentions that judgment should have been rendered on the verdict.

■ If it may be argued that the foreman omitted or failed to insert the words, "during minority" after "$1300 per year," and that the omission was a clerical mistake contrary to the unanimous vote of the jury, rendition of judgment would nevertheless not be authorized. Where by the amendment of the verdict "the damages [would be] increased or diminished, and the substantial rights of the parties thus changed, when the verdict has been affirmed in open court, and the jury have separated and become accessible to the parties, the

only remedy for a mistake is by setting the verdict aside and granting a new trial." Burchfield v. Tanner, 142 Tex. 404, 178 S. W.2d 681, 683.

■ Where there is a unanimous mistake of the jury in the nature of a clerical error, i. e., when the verdict returned is "different unanimously from the verdict as assented to in the jury room at the time of voting," or consists in an omission to state correctly in writing the verdict regularly arrived at, and the jury has been separated after discharge, "the only remedy" for the mistake, "is by setting the verdict aside and granting a new trial." Caylat v. Houston East & West Texas Ry. Co., 113 Tex. 131, 252 S.W. 478, 482. After considering the public policy involved in denying a correction, it was held in the Caylat case that a new trial is the "full measure of relief against the mistake."

Appellees urge, however, that the plaintiffs' petition prayed for damages in a stated amount for each child "for each year of their minority," and that the damage issue was so argued to the jury. The court's charge does not submit that measure, however. It does not limit the jury to the period of minority except as to the element of "care, nurture and guidance." The additional elements of expected contribution for "maintenance and support" and the amount deceased "would have expended for the education of such children and each of them from and after the date of her death" were not so restricted by the charge to the period of minority. They are unlimited as to time.

■ Appellees argue the present verdict is not of the "unanimous mistake" type. It is not necessary for us to decide whether it is to be classified within that category. We recognize that courts should try to interpret an ambiguous verdict so as to uphold the judgment, First Federal Savings & Loan Ass'n of Dallas v. Sharp, Tex. Sup., 359 S.W.2d 902; and that the record should be examined in an effort to ascertain the jury's intent, State v. Hale, 136 Tex. 29, 146 S.W.2d 731; Traders & General Ins. Co. v. Wilder, Tex.Civ.App., 186 S. W.2d 1011, 1013, writ ref. If it be assumed first, nevertheless, that the "verdict" is actually what was written on the charge proper, and not that written on the answer sheet; and if it be further assumed that the jurors unanimously intended that the words "during minority" be inserted after "$1300 per year," and that these facts can be ascertained from the pleadings, evidence and record of the trial (aside from affidavits and testimony of jurors in attempted explanation of ambiguity), the verdict will nevertheless not authorize rendition of the judgment.

First, the birthdates of the five children are not in evidence, and there is nothing to show what portion of one "year" is to be the basis for fixing the maturity date for each child or for computing the portion of $1300 to be adjudged for that "year". This possibly could be cured by remittitur.

There is then the problem of determining the sum which "if paid now in cash" is to be a basis for judgment. This is the inquiry the charge submitted. "$1300 per year" is not a sum to be paid "now" in cash. Appellees imply we should assume the jury applied a discount to some larger amount, or used some other formula for arriving at the sum to be paid now in cash. To assume this is to speculate as to intent in the face of a specific finding of a per-annum amount which obviously ignores difference in ages which make an equal annual amount for each child as a sum to be paid "now" incongruous.

■ The verdict is ambiguous doubtless because of inadvertence in preparation of the verdict form under the pressure of trial conditions, and an understandable omission to observe the status of jury action before discharge. While the findings of a jury "may be liberally aided by the contents of the record, and enforced, when, if so aided, there can be no uncertainty as to the intention of the jury, mere conjecture

cannot be resorted to." Gulf, Colorado & Santa Fe Ry. Co. v. Hathaway, 75 Tex. 557, 12 S.W. 999. " 'As to the true construction of such a verdict, neither the lower court' nor an appellate court 'is permitted to speculate. The verdict must find all the issues made by the pleading in language which does not admit of mistake. It should be the end and not the continuation of the controversy.' " Northern Texas Traction Co. v. Armour & Co., 116 Tex. 176, 179, 288 S.W. 145, 146.

Appellants' other points, including those asserting insufficiency of the evidence, are overruled. Reversed and remanded.