Fred C. BLAIR et ux., Appellants,

v.

V. J. BUKSNYS, Appellee.

No. 15354.

Court of Civil Appeals of Texas,
San Antonio.

April 2, 1975.

Hope, Henderson, Hohman & Georges, San Antonio, for appellants.

Huson, Clark, Thornton & Summers, San Antonio, for appellee.

BARROW, Chief Justice.

Appellants have perfected their appeal from a judgment entered on a jury verdict whereby appellant Fred C. Blair[1] recovered the sum of $4,000.00 from appellee as damages for injuries sustained in a rear-end collision. Appellant Florence Blair recovered no damages, but no complaint is made of this denial. We will, therefore, refer to Fred C. Blair as appellant.

Appellant asserts five assignments of error and all complain of the jury findings that he recover nothing for future pain and mental anguish and for loss of future earning capacity. Appellant urges that each of these findings is so against the great weight and preponderance of the evidence as to be manifestly unfair, inadequate and unjust. It is also asserted that such findings conflict with the jury finding that he would, in reasonable probability, require the sum of $1,000.00 in the future for necessary medical care.

■ We must consider at the outset appellee's reply points asserting that these assignments of error were waived because they were not clearly and specifically pointed out in appellants' amended motion for new trial. Rule 322, Texas Rules of Civil Procedure (1967), provides: "Grounds of objections couched in general terms—as that the court erred in its charge, in sustaining or overruling exceptions to the pleadings, and in excluding or admitting evidence, the verdict of the jury is contrary to law, and the like—shall not be considered by the court." Rule 374, Tex. R.Civ.P. (1967), provides in part: "A ground of error not distinctly set forth in the motion for new trial, in cases where a motion for new trial is required shall be considered as waived."

Appellants' amended motion for new trial complains specifically that each of the findings in question " . . . is contrary to the great weight and preponderance of the evidence and is manifestly unfair, inadequate and unjust and demonstrates a prejudice and bias against the plaintiffs." In addition, it was urged that there is insufficient evidence to support each of said findings. These assignments properly support appellant's factual sufficiency points. O'Connor, Appealing Jury Findings, 12 Hous.L.Rev. 65, 72 (1974); 4 McDonald, Tex.Civ.Prac., Section 18.15 (1971).

■ In considering factual sufficiency points, we are required to consider all the evidence in the record. Garza v. Alviar, 395 S.W.2d 821 (Tex.1965). The record, which is quite lengthy, relates primarily to the physical condition of appellant. On May 25, 1972, he was a passenger in a car operated by his wife, which was stopped at a red traffic signal when it was struck from the rear by Buksnys' car. Although liability issues were submitted to the jury and answered favorably to appellant, we are not concerned with them on this appeal. Substantial damage was done to the rear of the Blair car and to the front of the Buksnys car. None of the occupants of either vehicle required any emergency

---

[1]. A suggestion has been filed of the death of Fred C. Blair on October 18, 1974. See Rule 369a, Tex.R.Civ.P. (1967).

medical attention although appellant testified that his neck and shoulders were hurting. The pain in these parts of his body continued to worsen and he consulted his family doctor three or four days after the accident. He has been under the care of various doctors ever since, and he testified that at the time of the trial on January 30, 1974, he was still suffering considerable pain in the base of his skull which radiates down his neck, into his chest, shoulder blades, upper back and legs.

Appellant has been examined or treated by seven doctors since the accident and all gave evidence in the case either in person or by introduction of medical reports. In addition, seven lay witnesses testified to appellant's physical condition both before and after the accident. The principal controversy in the case related to the question of whether appellant's present physical condition pre-existed the auto accident or was aggravated by it. In 1953, appellant sustained a serious back injury which required a three body fusion of his lower back in 1957, and another three body fusion of his cervical spine in 1971. In addition, he had a growth on his right eye which required surgery before and after the automobile accident. It is conceded by appellant that these unrelated conditions caused him physical pain and mental anguish and required medical treatment before the 1972 accident. Nevertheless, he testified unequivocally and was corroborated by both medical and lay witnesses that he had made a good recovery after the 1971 surgery and was engaged in a full range of physical activities at the time of the 1972 accident.

Just prior to May, 1972, appellant and his wife operated an independent insurance agency in Universal City where he sold casualty and life insurance policies. He had opened this agency in 1969, and the business had shown a steady growth from a net profit of $6,545.71 in 1969, to $13,339.42 in 1971. He also took an active part in numerous civic and church-related activities. Physically, he had progressed to the point where he was able to work long hours and even to participate in amateur basketball games.

His physical and mental condition was dramatically changed after the 1972 accident. He testified that the pain in his body became very intense after about three days, and he went to see Dr. Mays, his family doctor. Dr. Mays referred appellant to Dr. Branch, who had performed the 1971 surgery. Dr. Branch diagnosed appellant's condition as a soft tissue injury which brought about a recurrence of old back pain. Dr. Branch directed appellant to wear a cervical collar which he still wears when he does rough work like fishing or mowing his grass. Dr. Branch saw appellant several times between June of 1972, and March 2, 1973, and at all times appellant complained of neck pain and headaches. Appellant was later examined and treated by other doctors. Dr. Miller prescribed heat treatments, traction and exercises. In September, 1973, appellant was examined at the Scott & White Clinic at Temple. They found few objective signs of injury and referred appellant to Dr. Earle, an orthopedic surgeon in San Antonio. Dr. Earle had seen appellant some ten times prior to his testimony on January 31, 1974. He expressed the opinion that the accident of May 25, 1972, aggravated the prior physical condition in appellant's back. It was Dr. Earle's opinion that after the spinal fusion, appellant's back was easier to hurt. Dr. Earle testified that appellant manifested pain at all times in his chest, neck, shoulders and arms. Dr. Earle further testified that appellant's condition is permanent and will require future medical costs, although the doctor was unable to forecast the amount. Dr. Earle was of the opinion, which was also expressed by Dr. Branch, that appellant needed psychological support. That is, he needed to be motivated into pushing himself into doing something to get over his feeling of uselessness. Dr. Earle said that appellant would suffer physical pain throughout the balance of his life.

The lay witnesses corroborated the change in appellant's life after the May, 1972, accident. He spent very little time in his insurance agency and finally sold it in September, 1972. He retained the right to sell policies for the agency on a commission basis, but had earned virtually nothing in this manner. Appellant also dropped his civic activities. About the only physical activity that he engaged in was a little yard work and an occasional fishing trip. He did not feel up to carrying out the doctor's advice that he try to walk and do other light exercises.

Appellee did not present any medical or lay witnesses, but relied on the uncontradicted evidence that appellant had suffered for many years with the back problem. Appellee therefore contended that the accident was not the cause of any of appellant's pain and mental anguish at the time of the trial. Appellee also asserts that the purchaser of appellant's insurance agency had made an offer to purchase the agency several months before the accident.

The jury was instructed not to include " . . . any amount for any condition existing before the occurrence in question, except to the extent, if any, that you find from a preponderance of the evidence that such other condition, if any, was aggravated by the injuries, if any, which were proximately caused by the occurrence in question." The following damages were found by the jury:

Issue No. 16

(a) Physical pain and mental anguish in the past. "Answer: $500.00 "

(b) Physical pain and mental anguish which, in reasonable probability, he will suffer in the future. "Answer: 0 "

(c) Loss of earnings in the past. "Answer: $1,000.00 "

(d) Loss of earning capacity which, in reasonable probability, he will sustain in the future. "Answer: 0 ."

Issue No. 17

(a) Reasonable expenses in the past for necessary medical and hospital care. "Answer: $1,500.00 ."

Issue No. 18

Reasonable expenses for necessary medical and hospital care which he will in reasonable probability require in the future. "Answer: $1,000.00 ."

Appellant urges that the "zero" award for future physical pain and mental anguish, as well as for loss of future earning capacity, are so against the great weight and preponderance of the evidence as to be manifestly unjust. We have heretofore held that the test to determine the question of "inadequacy" of a jury award should be the same as that for a complaint of "excessiveness." Main Bank & Trust v. York, 498 S.W.2d 953 (Tex.Civ.App.—San Antonio 1973, writ ref'd n. r. e.); Ruffo v. Wright, 425 S.W.2d 663 (Tex.Civ.App.—San Antonio 1968, no writ). This rule is that before an appellate court will disturb a judgment rendered upon a jury verdict, there must be circumstances tending to show that it was the result of passion, prejudice or other improper motive, or that the amount fixed was not the result of a deliberate and conscientious conviction in the minds of the jury and the court, or so excessive as to shock a sense of justice in the minds of the appellate court. Green v. Rudsenske, 320 S.W.2d 228 (Tex.Civ.App.—San Antonio 1959, no writ). It must be kept in mind that matters of pain and suffering and particularly future pain and suffering are necessarily speculative, and it is within the province of the jury to resolve these matters and set the amount of such damages.

We have a somewhat different problem here in that although the uncontradicted evidence is that appellant will suffer some pain and mental anguish in the future, the jury has found "no" damages for this item. Nevertheless, the jury obviously believed that appellant would have

future medical problems as a proximate result of the 1972 accident in that they awarded $1,000.00 for future medical expense. In this situation, we must conclude that the jury's failure to award any damages whatsoever for future physical pain and mental suffering is so against the great weight and preponderance of the evidence as to be manifestly unjust. Lowery v. Berry, 153 Tex. 411, 269 S.W.2d 795 (1954); Morgan v. Mustard, 480 S.W.2d 416 (Tex.Civ.App.—El Paso 1972, no writ); Kingham Messenger & Delivery Service, Inc. v. Daniels, 435 S.W.2d 270 (Tex.Civ.App.—Houston [14th Dist.] 1968, no writ); Bolen v. Timmons, 407 S.W.2d 947 (Tex.Civ.App.—Amarillo 1966, no writ); Edmondson v. Keller, 401 S.W.2d 718 (Tex.Civ.App.—Austin 1966, no writ).

The judgment of the trial court is reversed, and the cause remanded for a new trial.