Edwin **BAZZANO** et al., Appellants,

v.

Joseph E. **WARE**, Appellee.

No. 7748.

Court of Civil Appeals of Texas, Beaumont.

Nov. 26, 1975.

Rehearing Denied Dec. 18, 1975.

Seale, Stover & Coffield, Gary Gatlin, Jasper, for appellants.

Gordon R. Pate, Beaumont, for appellee.

STEPHENSON, Justice.

This is an action for damages for personal injuries received in a rear-end collision. Plaintiffs, Edwin Bazzano, and wife Sue, and Dennis Goodman, and wife Lona, were all occupants of an automobile struck from the rear by one driven by defendant, Joseph E. Ware. Trial was by jury and judgment was rendered for plaintiffs upon the verdict. Plaintiffs have appealed, and the parties will be referred to as they were in the trial court.

The jury failed to find that any of the plaintiffs were injured as a result of this collision and answered, "None" to the issues inquiring about damages for personal injuries. However, the jury then found a small amount of money for each plaintiff in answer to an issue as to expenses for medical care in the past "for treatment of his (or her) injuries resulting from the occurrence in question." The judgment was for plain-

tiffs for the amounts of the medical expense and the damage to the Dennis Goodman automobile.

Plaintiff's first two points of error are that the jury findings of "No" to the issues asking whether the plaintiffs were injured, and as to "None" to the personal injuries damage issues, were contrary to the great weight and preponderance of the evidence. We consider the entire record in passing upon these points of error.

The record before us shows that when the jury first brought in its verdict, it had failed to find any of the plaintiffs had been injured, but had answered the issue inquiring about damages for personal injuries $25.00 for each plaintiff. Counsel for plaintiffs argued to the trial court that there was a conflict between the answers to those two sets of questions. The trial court then asked the jury to resume their deliberation pointing out the conflict. The jury later returned with the verdict which was accepted by the court.

■■ The writer of this opinion has had occasion to write upon similar questions to the ones raised here in *Dupree v. Blackmon,* 481 S.W.2d 216 (Tex.Civ.App.—Beaumont 1972, writ ref'd n. r. e.), and *Bittick v. Ward,* 448 S.W.2d 174 (Tex.Civ.App.—Beaumont 1969, writ ref'd n. r. e.). As we said in *Dupree v. Blackmon,* supra, this is not a case in which we are called upon to decide whether or not the damages found by the jury are inadequate, because in both cases the jury answered, "None." We conclude here, as we did in *Dupree v. Blackmon,* supra, that even though the amount of damages is ordinarily left to the discretion of the jury, they cannot ignore the undisputed facts and arbitrarily deny any recovery. We find the answers "None" to the damage issues for personal injuries are so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust.

These undisputed physical facts are evidence that the plaintiffs suffered some injuries resulting in pain and suffering:

1. Defendant testified he was following plaintiff's automobile, about one car's length apart, when he heard a whistle, looked away, and when he looked back it was too late, and he could not avoid hitting the other car.

2. The speed of defendant's car, "I don't really know how fast I was driving. I think I was within the speed limit."

3. The amount of damage done to the two automobiles—$327.53 to the Goodman car and $425.00 to defendant's car.

In addition to those physical facts, we also have the following evidence:

1. All four plaintiffs went to the emergency ward of the Orange Memorial Hospital immediately after the collision.

2. A man came along after the accident and drove the plaintiffs to the hospital.

3. Edwin Bazzano complained to defendant about pain in his neck immediately after the collision.

4. Dr. Popejoy testified that all four plaintiffs were injured as a result of this collision, and found muscle spasms in the backs of three of the four. He also testified that the miscarriage suffered by Lona Goodman (six weeks after the collision) was probably caused by this incident.

5. All four plaintiffs testified to the pain they had suffered and were still suffering at the date of trial.

6. Edwin Bazzano testified he had received injuries to his neck and back and had rebruised his side. He had missed three weeks of work at Sneed's because of his neck, and his headaches were getting worse.

7. Dennis Goodman testified to injuries to his neck and back, and that he had to give up a job driving a truck because he couldn't take getting in and out of the truck with his back trouble. Also, he had to quit a job at Billups service station because he could not fix flats. He has been taking aspirin and pain pills. In addition to all of this, the jury then found the plaintiffs

were damaged in the amount of some of their medical expenses as a result of their injuries received in this collision.

Once again the jury could have concluded that none of the injuries were serious; however, the fact of some injury and resulting damage from pain and suffering is inescapable. See authorities cited at page 219 in *Dupree v. Blackmon,* supra. See also, *Blair v. Buksnys,* 521 S.W.2d 652 (Tex.Civ.App.—San Antonio 1975, no writ).

Reversed and remanded.

KEITH, Justice (dissenting).

Believing that the court has erred in reversing the judgment of the trial court, I respectfully dissent.

We face again the recurring question of a jury verdict fixing liability on a defendant but denying to plaintiffs any damages for alleged personal injuries sustained in an automobile collision. See, e. g., *Bittick v. Ward,* 448 S.W.2d 174 (Tex.Civ.App.—Beaumont 1969, writ ref'd n. r. e.), and *Dupree v. Blackmon,* 481 S.W.2d 216 (Tex.Civ.App.—Beaumont 1972, writ ref'd n. r. e.). The opinions in the two prior cases were written by Justice Stephenson and, in each instance, the finding of "none" in answer to the damage issue was set aside because such answers were contrary to the great weight and preponderance of the evidence; and, the same rationale is followed in the instant case. Since the Supreme Court has no jurisdiction to pass upon such points,* the refusal of the writ "no reversible error" is readily explainable. In *Dupree v. Blackmon,* supra (481 S.W.2d at 220–221), I expressed my views on the question and I have not receded from this concept.

The four plaintiffs were "rear-ended" by defendant's car, taken to a hospital in Orange for medical examination, and released without treatment. None sought medical advice until some weeks later when all were referred to Dr. Popejoy by their lawyer.

His examination as to three of the plaintiffs revealed a single objective symptom—muscle spasm—which he attributed to the history of the accident. As to the fourth plaintiff—Edwin Bazzano—there were no objective symptoms, simply subjective complaints of pain. As to Edwin Bazzano, the jury had the right and privilege of rejecting his claim, notwithstanding the support of the testifying physician which he brought. See the second "rule" which I invoked in *Dupree v. Blackmon,* supra. (481 S.W.2d at 221). Yet, he, too, gets another bite at the apple.

Nor am I persuaded by the jury's allowance of past medical expenses as bearing upon the main damage issue. It is obvious that the jury attempted to award the plaintiffs the sums expended in the initial medical examinations to determine *if* they were injured—not for treatment for injuries which they subsequently claimed to have received.

At least as to Edwin Bazzano, the court has substituted its finding that Bazzano is entitled to damages for a negative finding by the jury. In so doing, the court has weighed the evidence and passed upon the credibility of the witnesses (which were neither seen nor heard by this court but by the jury) and determined that the negative answer of the trier of the facts is contrary to the overwhelming preponderance of the evidence. This is, I submit, an impermissible finding by an intermediate appellate court in this State. In doing so, the majority has created a conflict between this opinion and *Hulsey v. Drake,* 457 S.W.2d 453 (Tex.Civ.App.—Austin 1970, writ ref'd n. r. e.), and *Royal v. Cameron,* 382 S.W.2d 335 (Tex.Civ.App.—Tyler 1964, writ ref'd n. r. e.).

After all, in seeking a recovery, plaintiffs labored under the burden of adducing evidence sufficient to convince the trier of the facts that each sustained injuries in the collision which produced damages measured in money. *Texas & Pacific Railway Com-*

---

* *Tippett v. Brannon,* 493 S.W.2d 511 (Tex. 1973). See also the long list of cases with similar holdings cited in *4 Tex.Jur.2d, Rev. Part 2, § 778 at 254–256 (1974).*

*pany v. Van Zandt,* 159 Tex. 178, 317 S.W.2d 528 (1958). Indeed, such an issue may be dispositive of the case. *Baldesch-wilder v. Bonham,* Tex., 529 S.W.2d 770 (1975).

The jury's answer "none to the damage issue in each instance simply meant that the plaintiffs, each having the burden of proving the amount of the monetary damage, failed to discharge such burden. *C. & R. Transport, Inc. v. Campbell,* 406 S.W.2d 191 (Tex.1966). The sole and only base for an award of damage to either plaintiff was his own testimony supported by the opinion evidence of the doctor to whom his lawyer had sent him for examination. The jury was not *required* to find for such plaintiff based upon such testimony. It could, and apparently did, reject such testimony. In so doing, the jury did not exceed the normal fact-finding function entrusted to it.