### Watson M. ROSS

v.

### UDDEHOLM STEEL CORPORATION and Francis Wilson, Jr.

### No. 18165.

Court of Civil Appeals of Texas, Fort Worth.

Dec. 27, 1979.

Murad & Wilemon, and Denning Schattman, Fort Worth, for appellant.

Fillmore & Camp, John P. Camp and Patrick H. O'Neill, Fort Worth, for appellees.

## OPINION

HUGHES, Justice.

Watson M. Ross has appealed a judgment in his favor rendered against Uddeholm Steel Corporation and Francis Wilson, Jr., for damages arising out of a car-truck collision. Ross complains of the jury's finding that he had no physical pain and mental anguish in the past as a result of the accident. The jury had found loss of earnings in the past of $6,758.40 and reasonable medical services and hospital care received in the past in the amount of $1,860.61.

We reverse and remand.

Ross, in his only point of error, says that the jury's answer of "0" on pain and suffering in the past was against the great weight and preponderance of the evidence and that the trial judge erred in not granting a new trial thereon.

On appeal Uddeholm Steel Corporation and Wilson urge only one thing: A counterpoint stating that the jury's response to Special Issue 6(a) was not against the great weight and preponderance of the evidence.

The record shows that the Ross automobile was struck from the rear by Uddeholm Steel Corporation's vehicle driven by Wilson, who said he was driving 5 to 15 miles per hour at the time. Ross told the investigating officer that his neck hurt. He said he told Wilson at the wreck that his neck hurt. Wilson said he was told by Ross that he was not hurt. Ross was taken from the wreck to the hospital where he was x-rayed and medicated.

Shortly thereafter he was hospitalized in Beaumont by his family doctor and treated by Dr. Shorkey, an orthopedic surgeon, who testified to Ross's history of a back operation in 1951, with a resultant removal of scar tissue operation in 1957. Dr. Shorkey also testified that there was no history of Ross's neck having bothered him before the wreck. Further, he testified "the only physical findings we ever did find (concerning the neck) were the tightness, and I think those were consistent—a week after an accident I think that's consistent with the complaint." Dr. Shorkey thought Ross's overreaction to the complaint was not exactly consistent with the physical findings in that he tended to exaggerate his injury.

Dr. Shorkey found degenerative arthritis in Ross's neck area. He also testified that in view of Ross having worked as a pipe fitter 18 years with the back condition, the accident could have really aggravated such condition saying, "Yeah, I think it has—If it didn't aggravate it, it certainly created another situation in his back. And its pretty hard to separate that from aggravation. It's all in the same back, you know."

Dr. Overton, a neurosurgeon, stated the opinion Ross should have surgery to beneficially control the aggravation of the degenerative osteoarthritis of the neck. He said, in answer to whether Ross's cervical problems were a result of the automobile accident, "Yes, sir. That is usually true."

Dr. Overton also opined that Ross would not get better without surgical help. He apparently thinks Ross is afraid of adverse effects from surgery (i. e., being paralyzed, etc.) but "also wonders if he is hurting as much as he says he is and not accept it (surgery)."

Dr. Overton was asked: "[F]rom your objective findings, Doctor, do you have an opinion as to whether or not, from what you found, could he still be having problems, based on objectivity, now?" He answered: "Sure. Based on his history and my find-

ings and his x-ray findings and everything that I have, they substantiate the fact that this guy is in a lot of pain."

Dr. Shorkey and Dr. Overton were the only two medical witnesses who testified about the neck and back conditions.

In *Blair v. Buksnys*, 521 S.W.2d 652 (Tex. Civ.App.—San Antonio 1975, no writ) it was held that "the uncontradicted evidence is that appellant will suffer some pain and mental anguish in the future, the jury has found 'no' damages for this item. Nevertheless, the jury obviously believed that appellant would have future medical problems . . . in that they awarded $1,000.00 for future medical expense. In this situation, we must conclude that the jury's failure to award any damages whatsoever for future physical pain and mental suffering is so against the great weight and preponderance of the evidence as to be manifestly unjust."

We view this case to be remarkably similar to the foregoing, in that both of the surgeons who testified in the present case confirmed the pain testified to by Ross and related it to the accident. The only testimony contrary was that of defendant, Wilson, who said that Ross told him "No" immediately after the accident in response to his question asking if he was hurt. We hold that the jury's answer of "0" for physical pain and mental anguish in the past, coupled with its finding of damages resulting from the accident for lost earnings in the past and medical and hospital services is so against the great weight and preponderance of the evidence as to be manifestly unjust.

We reverse and remand.