**Fulton E. FENNER, Appellant,**

v.

**LIGON SPECIALIZED HAULER, INC., Appellee.**

**No. A2460.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Aug. 5, 1981.

George W. Wilhite, Stovall, Wilhite & Gilbreath, Houston, for appellant.

Marvin B. Petterson, Joseph F. Archer, Archer, Peterson & Waldner, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and PAUL PRESSLER and JUNELL, JJ.

J. CURTISS BROWN, Chief Justice.

This is an appeal from a "take-nothing" judgment in a negligence suit arising out of a car-truck collision in which the jury found the plaintiff below proved no damages for medical expenses, pain and suffering, lost earnings or physical impairment.

Fulton E. Fenner ("appellant" or "Fenner") and Walter L. Wolf, a truck driver employed by Ligon Specialized Hauler, Inc., ("appellee" or "Ligon") collided on Sunday, May 4, 1975 at approximately 6:30 p. m. Mr. Wolf, driving a 1974 Peterbilt tractor without a trailer, was traveling north on the access road of the North Freeway (Interstate 45), turned right, and collided with the left side of Fenner's vehicle, a 1973 Continental Mark IV, which was traveling the same direction on the same road and attempting to pass the Peterbilt on the right.

Fenner brought suit against Ligon and Mr. Wolf alleging negligence and seeking recovery for personal injuries. Fenner did

not attempt to recover for property damage. The jury found that each driver was 50% negligent but found no damages for Fenner. Fenner moved for a new trial. Such motion was denied. Fenner appeals.

█ The controlling question on appeal is whether the jury verdict is against the great weight and preponderance of the evidence. To establish that the jury finding was contrary to the evidence, Fenner relies on *Cavitt v. Jetton's Greenway Plaza Cafeteria*, 563 S.W.2d 319 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ) [holding that injury means physical damage or harm, including aggravation of pre-existing disease or condition by reason of such physical harm]; *Allen v. Compton*, 461 S.W.2d 143 (Tex.Civ.App.—Dallas 1970, no writ) [holding jury's failure to award damages for personal injuries was against the great weight and preponderance of the evidence]; *Bittick v. Ward*, 448 S.W.2d 174 (Tex.Civ.App.—Beaumont 1969, writ ref'd n.r.e.) [jury's failure to award damages, including pain and suffering, contrary to all evidence]; *Taylor v. Dunn*, 453 S.W.2d 521 (Tex.Civ.App.—Waco 1970, no writ) [jury's denial of recovery for pain and suffering against the great weight and preponderance of the evidence]. We affirm the cited cases and the proposition that a "no damages" finding should be reversed if it is against the great weight and preponderance of the evidence.

The evidence at trial showed that Fenner did not complain of injury at the scene of the accident. He did not seek or request immediate medical attention. There was no evidence that Fenner sustained any obvious injuries, such as cuts, bruises or broken bones. Fenner consulted a chiropractor the next day, complaining of low back pain radiating down his leg, spasming of the right buttock, and headaches.

Fenner suffered from chronic spasms in the cervical and thoracic spinal areas and chronic neck and shoulder pain since 1965. In June of 1967, Fenner sustained whiplash injury to the neck and head from another auto accident. Prior to the Fenner-Ligon collision, Fenner developed a chronic degenerative disc disease. Fenner also suffered from chronic cervical and thoracic strain prior to the May 4, 1975 collision. He had been bothered by low back pain radiating to the leg since a 1974 auto accident. In January of 1975, Fenner was injured in a motorcycle accident and, as a result, had lumbosacral pains. Since a February 1975 auto accident, Fenner suffered severe low back pain radiating to the leg.

Dr. Goodson, Fenner's chiropractor, had treated Fenner regularly for low back pain since February of 1975. Goodson testified that he was certain that the collision had aggravated Fenner's condition. However, Goodson treated Fenner for low back pain approximately one week before the accident in question. At that time, Dr. Goodson described Fenner's condition in his patient treatment memoranda as "low back very sore."

Dr. LePere, a medical doctor specializing in internal medicine and cardiology, had treated Fenner in April of 1975 for pain in the neck and shoulders. In January of 1977, Fenner returned to LePere complaining of neck and shoulder pain, spasms in the cervical, thoracic and lumbar areas of the spine, and low back pain radiating into the right leg. Dr. LePere opined that the trauma of the May 4, 1975 collision had aggravated Fenner's condition. He also testified that he could not accurately diagnose a patient's condition without a complete history, he relied entirely on Fenner for a complete history, and Fenner had told him only of the May 4, 1975 collision.

█ The jury could reasonably infer from the evidence that Fenner's damages for personal injuries were all due to pre-existing injuries and conditions and that the Fenner-Ligon collision did not aggravate those injuries and conditions. Considering all the evidence, the verdict is not so contrary to the great weight and preponderance of the evidence as to be manifestly wrong and unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951), *per curiam*. Appellant's points of error are overruled and the judgment of the trial court is affirmed.

Affirmed.